■ The People of the State of New York, Respondent, v Meliza Torres, Appellant. [50 NYS3d 358]—

Judgment, Supreme Court, Bronx County (Leonard Livote, J.), rendered May 30, 2012, convicting defendant, upon her plea of guilty, of attempted criminal possession of a weapon in the fourth degree, and sentencing her to a conditional discharge for a period of one year, unanimously affirmed.

The court properly denied defendant's suppression motion. Initially, we find no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]).

The police were entitled to pass through the unlocked gate to defendant's yard, approach the front door, and knock. Where there is no "evidence of intent to exclude the public, the entryway to a person's house offers implied permission to approach and knock on the front door" (*People v Kozlowski*, 69

NY2d 761, 763 [1987]). The fact that the police visit occurred at 1:30 a.m. does not provide a basis for distinguishing *Kozlowski* (which also apparently involved a nighttime incident). While uninvited visits are most likely to occur during the day, a caller on urgent business, such as a safety concern, that cannot wait until the morning may need to knock on a door at night, and we do not find that the occupant has a reasonable privacy expectation to the contrary. Furthermore, we conclude that *Florida v Jardines* (569 US 1, 133 S Ct 1409 [2013]), which reiterated that "a police officer not armed with a warrant may approach a home and knock, precisely because that is no more than any private citizen might do" (569 US at —, 133 S Ct at 1415-1416 [internal quotation marks omitted]), did not promulgate any per se rule excluding night visits from the ambit of this principle. We have considered and rejected defendant's remaining arguments on this issue.

The People met their burden of establishing, by clear and convincing evidence, that defendant voluntarily consented to the search of her home. Defendant was not restrained or in police custody at the time she allowed the officers inside, and she emphatically urged the officers to enter. The circumstances, viewed as a whole, support a finding of voluntary consent (*see generally People v Gonzalez*, 39 NY2d 122, 128-131 [1976]). Concur—Richter, J.P., Mazzarelli, Kahn and Gesmer, JJ.